LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO RAMIREZ,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF FRESNO; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. False Arrest/False Imprisonment<br>5. Battery (Wrongful Death)<br>6. Negligence (Wrongful Death)<br>7. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES**

1. Plaintiff JOSE MORENO RAMIREZ for his complaint against Defendants COUNTY OF FRESNO and Does 1-10, inclusive, allege as follows:

## **INTRODUCTION**

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and

-1-

state law in connection with the false arrest, use of force and denial of medical care of JOSE MORENO RAMIREZ by members of the County of Fresno Sheriff's Department ("CFSD").

## PARTIES

3. At all relevant times, JOSE MORENO RAMIREZ ("PLAINTIFF") was an individual residing in the County of Fresno, California. PLAINTIFF sues in his individual capacity and seeks damages under both federal and state law.

4. At all relevant times, Defendant COUNTY OF FRESNO ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, COUNTY was the employer of Defendants DOES 1-4, who were COUNTY sheriff's deputies, DOES 5-6, who were COUNTY sheriff's deputies' supervisorial officers, and DOES 7-10, who were managerial, supervisorial, and policymaking employees of the COUNTY Sheriff's Department. On information and belief, at all relevant times, DOES 1-10 were residents of the County of Fresno, California. DOES 1-10 are sued in their individual capacity for damages only.

5. At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff's deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

6. At all relevant times, Defendants DOES 1-10 were duly appointed deputies and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

7. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of COUNTY.

8. At all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to

oversee and supervise the hiring, conduct and employment of each and every COUNTY defendant.

9. The true names of defendants DOES 1 through 10, inclusive, are unknown to PLAINTIFF, who therefore sue these defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

10. On June 25, 2021, PLAINTIFF served his claim for damages with COUNTY pursuant to applicable sections of the California Government Code.

11. On September 21, 2021, CITY rejected PLAINTIFF's claims for damages by operation of law.

**JURISDICTION AND VENUE**

12. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Fresno, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. On or about the evening of December 28, 2020, PLAINTIFF was at his residence located at 4178 West Alhambra Street, in Fresno, California.

16. While on the property of his residence the involved sheriff's deputies from the CFSD entered onto PLAINTIFF's property without a warrant and without any exigent circumstances. PLAINTIFF was then detained without reasonable suspicion and was ultimately arrested without probable cause by the involved CFSD deputies.

17. The involved CFSD deputies then used force against PLAINTIFF, including pushing PLAINTIFF into the back of the patrol car after he had been handcuffed causing him to strike his head on a hard surface in the back of the vehicle, slamming PLAINTIFF's leg in the door jam of the vehicle twice, breaking his left leg.

18. After breaking PLAINTIFF's leg, the involved deputies did not provide or summons any medical attention for PLAINTIFF, including not taking him to the hospital or calling an ambulance, despite PLAINTIFF notifying the involved officers that he was in substantial pain and that his leg/foot was seriously injured.

19. PLAINTIFF was not assaultive or combative with the involved deputies, he never verbally threatened any of the involved deputies and he never physically injured anyone, nor did he attempt to do so.

20. PLAINTIFF was then taken to the jail where he remained with a broken leg and was not provided any medical attention, until he was finally released the following day.

21. After being released from jail PLAINTIFF went to the hospital where he was diagnosed with having a broken leg.

# FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

(By Plaintiff against Does 1-4)

22. Plaintiff repeats and realleges each and every allegation in paragraph 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

23. Defendants DOES 1-4 caused PLAINTIFF to be unlawfully detained and arrested, in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

24. As a result of the conduct of DOES 1-4, they are liable for PLAINTIFF's injuries because they were integral participants to the violations of PLAINTIFF's rights.

25. PLAINTIFF was on his own property when the involved deputies entered onto his property without a warrant and without exigent circumstances, and then arrested PLAINTIFF on his own property, even though he had not committed any crime.

26. The PLAINTIFF was detained without reasonable suspicion by the involved deputies and they arrested PLAINTIFF without probable cause.

27. The conduct of DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to DOES 1-4.

28. Accordingly, Defendants DOES 1-4, are each liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

29. Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff against Does 1-4)

30. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31. The involved CFSD deputies used excessive and unreasonable force against PLAINTIFF, depriving him of his right to be secure in his persons against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. The use of excessive and unreasonable force including pushing PLAINTIFF into the back of the patrol car after he had been handcuffed causing him to strike his head on a hard surface in the back of the vehicle, slamming PLAINTIFF's leg in the door jam of the vehicle twice, breaking his left leg.

32. The unreasonable use of force by Defendants DOES 1-4 deprived the PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33. As a result, PLAINTIFF suffered extreme mental and physical pain and suffering, he incurred medical expenses relating to his broken leg and suffered a loss of income.

34. As a result of the conduct of DOES 1-4, they are liable for PLAINTIFF's injuries because they were integral participants in the excessive force.

35. The use of force was excessive because PLAINTIFF was not being combative, assaultive, he never tried to physically injure or strike anyone, including the involved deputies and he never verbally threatened anyone, no verbal warning was given that his leg would be slammed in the door of the car and there were other

1 reasonable options available other than slamming PLAINTIFF's leg in the door and
2 breaking it.

3    36.  Defendants' actions thus deprived PLAINTIFF of his right to be free from
4 unreasonable searches and seizures under the Fourth Amendment and applied to
5 state actors by the Fourteenth Amendment.

6    37.  The conduct of the involved deputies was willful, wanton, malicious, and
7 done with reckless disregard for the rights and safety of PLAINTIFF and therefore
8 warrants the imposition of exemplary and punitive damages as to Defendants
9 DOES 1-4.

10    38.  Plaintiff bring this claim individually and seeks both economic and non-
11 economic damages for the violation of PLAINTIFF's rights.

12    39.  Plaintiff also seekS attorney fees under this claim.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiff against Defendants Does 1-4)

16    40.  Plaintiff repeats and realleges each and every allegation in paragraphs 1
17 through 39 of this Complaint with the same force and effect as if fully set forth
18 herein.

19    41.   The denial of medical care by Defendants DOES 1-4 deprived PLAINTIFF
20 of his right to be secure in his person against unreasonable searches and seizures as
21 guaranteed to PLAINTIFF under the Fourth Amendment to the United States
22 Constitution and applied to state actors by the Fourteenth Amendment.

23    42.  As a result, PLAINTIFF suffered extreme mental and physical pain and
24 suffering.  Plaintiffs are also claiming medical expenses and a loss of income
25 damages.

26    43.  Defendants DOES 1-4 knew that failure to provide timely medical treatment
27 to PLAINTIFF could result in further significant injury or the unnecessary and

wanton infliction of pain, but disregarded that serious medical need, causing PLAINTIFF great bodily harm.

44.  After breaking PLAINTIFF's leg, and even after PLAINTIFF notified the involved deputies that his left leg/foot had been seriously injured, DOES 1-4 did not summon or provide any medical attention for PLAINTIFF or even take him to the hospital, even though he was obviously suffering from a serious leg/foot injury. Instead, the involved deputies took PLAINTIFF to the nearby jail, where he also did not receive any medical attention for his broken leg.  PLAINTIFF did not receive any medical attention for his broken foot until he was released from the jail and he took himself to the hospital where he was diagnosed with having suffered a broken left leg.

45.  The conduct of Defendants DOES 1-4 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-4.

46.  Plaintiff brings this claim individually and seeks both economic and non-economic damages.

47.  Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment (Cal. Govt. Code § 820 and California Common Law)**

(By Plaintiff against Defendants Does 1-4 and County of Fresno)

48.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.   Defendants DOES 1-4, while working as sheriff's deputies for COUNTY, and acting within the course and scope of their duties, deprived

PLAINTIFF of his freedom of movement by detaining him, and then handcuffing and arresting him. Defendants DOES 1-4 detained PLAINTIFF without reasonable suspicion and arrested PLAINTIFF without probable cause.

50. PLAINTIFF did not knowingly or voluntarily consent to his detention or arrest and he did not feel that he was free to leave. By detaining and then arresting PLAINTIFF, the involved deputies deprived PLAINTIFF, who was on his own property and was not committing any crime, of his liberty without justification. Further, Defendants DOES did not have probable cause to believe that PLAINTIFF, specifically, had committed any crime.

51. The conduct against PLAINTIFF by Defendants DOES 1-4, was a substantial factor in causing the harm of PLAINTIFF.

52. COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

53. The conduct of Defendants DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling him to an award of exemplary and punitive damages.

54. Plaintiff is seeking both economic and non-economic damages under this claim.

# FIFTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(By Plaintiff against Defendants DOES 1-4 and County of Fresno)

55. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56. DOES 1-4, while working as sheriff's deputies for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, intentionally shoved PLAINITFF into the back of the sheriff's vehicle, causing PLAINTIFF to hit his head, then slammed the car door on PLAINTIFF's leg, breaking his leg.  Further, PLAINTIFF was on his own property, the involved deputies did not have a warrant to enter his property and PLAINTIFF was not combative, assaultive and he never attempted to strike anyone and he did not verbally threaten anyone.  Further, the involved deputies did not give PLAINTIFF a warning that they were going to be slamming the car door closed before his leg was inside of the vehicle.   The use of force was also unreasonable because the involved officers clearly had alternative options available to them instead of slamming the car door twice on PLAINTIFF'S leg.  As a result of the actions of DOES 1-4, PLAINTIFF suffered severe mental and physical pain and suffering, incurred medical expenses and loss of income.  loss of enjoyment of life and ultimately died from his injuries and lost earning capacity.  DOES 1-4 had no legal justification for using force against PLAINTIFF and said Defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since PLAINTIFF was already handcuffed, he was unarmed, he was on his own property, and not trying to physically injure anyone when he was pushed into the deputy's vehicle, striking his head, and then when his leg was slammed twice in the car door, breaking it.  As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff

suffered extreme and severe mental anguish and pain and has been injured in mind and body.

57. COUNTY is vicariously liable for the wrongful acts of DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

58. The conduct of DOES 1-4 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

59. PLAINTIFF seeks both economic and noneconomic damages.

## SIXTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(By Plaintiff against all Defendants)

60. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61. The actions and inactions of the Defendants were negligent, including but not limited to:

(a) the failure to properly and adequately train employees, including DOES 1-4, with regards to the use of force, and detention and arrest;

(b) the failure to properly and adequately assess the need to detain, arrest, and use force against PLAINTIFF;

(c) the negligent tactics and handling of the situation with PLAINTIFF, including pre-use of force negligence;

(d) the negligent detention, arrest, and use of force against PLAINTIFF;

(e) the failure to provide and or summons prompt medical care to PLAINTIFF or take him to the hospital;

  (f) the negligent use of DOES 1-4's deputy vehicle, including closure of the car door that PLAINTIFF was being detained and arrested in and negligently placing PLAINTIFF in the vehicle, including shoving him into the vehicle;

  (g) failure to train with regards to reasonable suspicion to detain and probable cause to arrest;

  (h) the failure to give a verbal warning prior to closing the car door on PLAINTIFF's leg; and

  (i) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-4.

62. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering, incur medical expenses and loss of income.

63. COUNTY is vicariously liable for the wrongful acts of DOES 1-4 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

64. PLAINTIFF bring this claim individually and seeks both economic and non-economic damages.

## SEVENTH CLAIM FOR RELIEF

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(By Plaintiff Does 1-4 and County of Fresno)

65. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his

constitutional rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

67. Conduct that violates the Fourth Amendment violates the California Bane Act.

68. Defendants DOES 1-4's use of force was excessive and unreasonable under the circumstances, especially since PLAINTIFF was on his own property, was unarmed and was not assaultive or combative and never verbally threatened anyone. Further, the involved officers did not give a verbal warning or any commands prior to using force against PLAINTIFF, despite being feasible to do so. Defendants' actions thus deprived PLAINTIFF of his rights to be free from unlawful searches, seizures, detentions and arrests.

69. The PLAINTIFF was detained without reasonable suspicion and arrested without probable cause. Defendants' actions thus deprived PLAINTIFF of his right to be free from unlawful detentions and arrests.

70. DOES 1-4 intentionally violated PLAINTIFF's rights by detaining him without reasonable suspicion and arresting him without probable cause, and by using excessive force against him. Further, these acts by DOES 1-4 demonstrate that they had a reckless disregard for PLAINTIFF's rights.

71. There is direct and circumstantial evidence that DOES 1-4 intentionally violated PLAINTIFF's rights by trespassing onto PLAINTIFF's property without a warrant or exigent circumstances, by unlawfully detaining him, by arresting him, by using force against him, including breaking his leg, and then by failing to summons or provide medical attention for PLAINTIFF and for not taking him to the hospital.

72. DOES 1-4, while working as sheriff's deputies for the COUNTY Sheriff's Department, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of PLAINTIFF to be free from unreasonable searches and seizures, to equal protection of the laws, to access to

the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

73. PLAINTIFF was caused to suffer extreme mental and physical pain and suffering and he incurred medical expenses and loss of income.

74. The conduct of DOES 1-4 was a substantial factor in causing the harms, losses, injuries, and damages of PLAINTIFF.

75. COUNTY is vicariously liable for the wrongful acts of PLAINTIFF pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76. The conduct of PLAINTIFF was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF entitling him to an award of exemplary and punitive damages.

77. Plaintiff bring this claim individually for the violation of his rights.

78. The Plaintiff also seeks attorney fees under this claim.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jose Moreno Ramirez requests entry of judgment in their favor and against Defendants County of Frenso, and Does 1-10, inclusive, as follows:

- A. For general damages in the amount to be proven at trial;
- B. For special damages according to proof; including past and future medical expenses and loss of income;
- C. For punitive damages in an amount to be proven at trial;
- D. For interest;
- E. For reasonable costs of this suit and attorneys' fees; and
- F. For such further other relief as the Court may deem just, proper, and appropriate; and
- G. For treble damages under Civil Code Section 52.1.

DATED: March 17, 2022           LAW OFFICES OF DALE K. GALIPO

By _____*s/ Dale K. Galipo*_____
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: March 17, 2022         LAW OFFICES OF DALE K. GALIPO


                              By       *s/ Dale K. Galipo*
                                 Dale K. Galipo
                                 Eric Valenzuela
                                 Attorneys for Plaintiff