# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO RAMIREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO; NICHOLAS GILMORE; JACOB WOESNER; and DOES 3-10, inclusive,<br><br>    Defendants. | CASE NO. 22-cv-00314-AWI-SKO<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. No. 18) |

Plaintiff Jose Ramirez brings state and federal claims against Defendant County of Fresno and Individual Defendants Nicholas Gilmore and Jacob Woesner[1] in connection with Plaintiff's arrest on December 28, 2020. Doc. Nos. 17. Defendants have brought a motion to dismiss certain claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Doc. No. 18. The motion has been fully briefed and deemed suitable for decision without oral argument pursuant to Local Rule 230(g). Doc. No. 25. For the reasons that follow, Defendants' motion will be granted in part and denied in part.

## BACKGROUND

**A.  Relevant Allegations**

On the evening of December 28, 2020, Plaintiff was at his residence in Fresno, California. Doc. No. 17 ¶ 15. Fresno County sheriff's deputies, including Gilmore and Woesner, entered the

---

[1] The County of Fresno, Gilmore and Woesner are referred to collectively herein as "Defendants."
[2] Unless otherwise indicated, "Rule," as used herein, refers to the Federal Rules of Civil Procedure.

property and then detained and arrested Plaintiff. Id. ¶ 16. In doing so, the deputies forcefully took Plaintiff down to the ground; dragged him to a patrol cruiser; pushed him into the back of the patrol cruiser while handcuffed, causing him to strike his head on a hard surface; and broke his leg by twice slamming it in the vehicle's door jam. Id. ¶ 17. Plaintiff complied with commands and was not "assaultive or combative." Id. ¶ 18. Plaintiff was confined to jail overnight without any medical attention, id. ¶ 19, and was diagnosed with a broken leg after his release. Id. ¶ 20.

Based on the foregoing allegations, the FAC alleges: (i) a claim under 42 U.S.C. § 1983 against Gilmore and Woesner for violations of Plaintiff's Fourth Amendment rights based on his detention and arrest; (ii) a § 1983 claim against Gilmore and Woesner for violations of Plaintiff's Fourth Amendment rights based on excessive force; (iii) a false arrest / false imprisonment claim against Gilmore, Woesner and the County of Fresno under California common law and section 820 of the California Government Code; (iv) a battery claim against Gilmore, Woesner and the County of Fresno under California common law and section 820 of the Government Code; (v) a negligence claim against all Defendants under California common law and section 820 of the Government Code; and (vi) a claim against Gilmore, Woesner and the County of Fresno for violation the Bane Act, California Government Code § 52.1. Doc. No. 17 ¶¶ 21-69.

**B.     Procedural History**

Plaintiff filed the Complaint in this action on March 17, 2022. Doc. No. 1. The Complaint alleges the same claims as the FAC—plus a § 1983 claim for denial of medical care in violation of the Fourth Amendment—but does not name Gilmore or Woesner as Defendants or otherwise refer to either of them. See id. Plaintiff filed the FAC on October 20, 2022, Doc. No. 17, adding certain factual allegations as to the manner in which his arrest was effected and naming Gilmore and Woesner as Defendants for the first time. ECF No. 17. Defendants collectively filed the instant motion to dismiss under Rule 12(b)(6) on November 10, 2022. Doc. No. 18.

## RULE 12(b)(6) FRAMEWORK

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a

cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute [of limitations] is apparent on the face of the complaint.' " United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010)) (alteration in original); see also Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995) (holding that a "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim").

If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made ...." Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016). However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. Garmon v. County of L.A., 828 F.3d

3

837, 842 (9th Cir. 2016).

**DISCUSSION**

The Court will address each of Defendants' arguments for dismissal in turn.

**A.     Stipulated Dismissal**

Defendants state that Plaintiff agreed prior to the filling of this motion to dismiss the First Claim for Relief (unreasonable detention and arrest) as to Woesner; the Third Claim for Relief (false arrest / false imprisonment) as to Woesner; and the portions of the Fifth Claim for Relief (negligence) alleging (in paragraph 52 of the FAC): "(a) [] failure to properly and adequately train employees, including [] Gilmore[] [and] [] Woesner … [¶](g) failure to train with regards to reasonable suspicion to detain and probable cause to arrest … [and] [¶](i) [] failure to properly train and supervise employees, both professional and non-professional, including [] Gilmore[] [and] [] Woesner …." Doc. No. 18 at 2:2-10. The Court sees nothing in the opposition papers or elsewhere disputing the foregoing assertions and thus, the Court will dismiss the First Claim for Relief as to Woesner, the Third Claim for Relief as to Woesner, and the portions of the Fifth Claim for Relief specified above.

**B.     Timeliness of Third, Fourth, Fifth and Sixth Claims for Relief**

Plaintiff's Third, Fourth, Fifth and Sixth Claims for Relief (collectively, the "State Law Claims") are brought under California law. The Third Claim for Relief is for false arrest / false imprisonment. The Fourth Claim for Relief is for battery. The Fifth Claim for Relief is for negligence. And the Sixth Claim for Relief is for violation of California's Bane Act. Defendants contend that all of the State Law Claims are time-barred under the California Tort Claims Act. Doc. No. 19 at 5:10-6:26.

**1.     Applicable Law**

The California Tort Claims Act, California Government Code § 900 et seq., requires that a plaintiff file a timely claim with a public entity—such as the state or a county—before filing suit against that entity. Cal. Gov. Code §§ 911.2, 911.4, 915, 945.4; Munoz v. State of California, 33 Cal.App.4th 1767, 1780 (1995); Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit

4

against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.").

Section 910 of the Government Code states that the claim "shall show," *inter alia*, " [t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted"; "[a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim"; and "[t]he name or names of the public employee or employees causing the injury, damage, or loss, if known." Cal. Gov. Code § 910.

"If the entity rejects the claim in writing, the claimant has six months from written notice of the rejection to file a lawsuit." Adriana Seneca v. County of Orange, 2021 WL 811857, at *3 (C.D. Cal. 2021) (citation omitted); see also Catching v. City of Los Angeles, 2020 WL 5875100, at *6 (C.D. Cal. 2020). Absent a timely claim, no action may be brought against a public entity or a public employee. Cal. Gov. Code §§ 945.4, 950.2.

"The timely presentation of a claim under the Tort Claims Act is not merely a procedural requirement but is an actual 'element of the plaintiff's cause of action.' " Creighton v. City of Livingston, 628 F.Supp.2d 1199, 1225 (E.D. Cal. 2009) (quoting Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209 (2007)). In bringing a lawsuit, "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." State of California v. Superior Court, 32 Cal.4th 1234, 1243 (2004). "Otherwise, his complaint is subject to a general demurrer for failure to state facts sufficient to constitute a cause of action." Id.

The California Tort Claims Act "applies to state law claims wherever those claims are brought, and the requirement that a plaintiff must affirmatively allege compliance with the [California Tort Claims Act] applies in federal court." [3] Butler v. Los Angeles Cty., 617 F.Supp.2d 994, 1001 (C.D. Cal. 2008).

**2.      Relevant Facts**

The record shows that Plaintiff filed a claim with the County of Fresno ("Claim for

---

[3] The California Tort Claims Act does not apply to actions under 42 U.S.C. § 1983 alleging violations of federal constitutional rights. Hacienda La Puente Unified Sch. Dist. of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992).

Damages") on June 25, 2021, using a form that appears to have been furnished by the County of Fresno. Doc. No. 20 at 5 & 7.[4] The Claim for Damages states that "Jose Moreno Ramirez" suffered a "[h]ead injury and broken leg" on December 28, 2020 at 11 p.m. at his home, with the corresponding address. Id. at 6. Further, it states that "Fresno Sheriff's Deputies (names currently unknown) injur[ed] Mr. Moreno's head when they threw him into the back of the [patrol] vehicle and then they broke his leg when they slammed his leg in the door of the Sheriff's SUB twice, then failed to take him to the hospital or provide any medical attention." Id. In addition, it states that the agency involved was the "Fresno County [Sheriff]" and that the "County employees involved" were "Deputies Quezada and Gilmore." Id. According to records for which Defendants seek judicial notice, the Claim for Damages was rejected by the County of Fresno Board of Supervisors on September 21, 2021. Id. at 12.

As noted above, the Complaint commencing this action was filed on March 17, 2021. Doc. No. 1. It alleges that Plaintiff "served his claim for damages with [the County of Fresno] pursuant to applicable sections of the California Government Code" on June 25, 2021 and that the city rejected the claim on September 21, 2021. Id. ¶¶ 10-11. It also states that the "true names" of individual Doe defendants were "unknown" to Plaintiff and that Plaintiff "will seek leave to amend … to show the true names and capacities of these defendants when they have been ascertained." Id. ¶ 9. The FAC, which was filed on October 20, 2022, is the first time Gilmore and Woesner are named as Defendants in this action. Doc. No. 17 ¶¶ 4-6.

### 3. Parties' Arguments

Defendants do not dispute that the Complaint timely commenced the State Law Claims as

---

[4] Defendants request that the Court take judicial notice of: the date on which Plaintiff presented the Claim for Damages to the County of Fresno; information contained in the Claim for Damages; and the date on which the County of Fresno provided notice to Plaintiff that his Claim for Damages had been rejected by the County of Fresno Board of Supervisors. Doc. No. 20 at 2. These requests are unopposed and involve facts that are not in dispute. They are GRANTED. Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (stating that the court may take judicial notice of public records). Defendants also request that the Court take judicial notice of Police Report #20-0014644. That request is DENIED as moot because the record in question does not bear on the disposition of this motion. Finally, Defendants request that the Court take judicial notice of the dates on which the Complaint and FAC were filed. As these documents are part of the docket in this action, the request for judicial notice is unnecessary and is DENIED as moot. See Harris by & through Lester v. Cty. of Sacramento, 2018 WL 3752176, at *3 n. 3 (E.D. Cal. Aug. 8, 2018) (finding request for judicial notice of a pleading on the court's own docket unnecessary); Vang v. Lopey, 2017 WL 1540330, at *1 n.1 (E.D. Cal. Apr. 28, 2017) ("The Court does not need to take judicial notice of documents on its own docket.").

1   to the County of Fresno. Doc. No. 19 at 6:15-16. They contend that the State Law Claims are
2   time-barred as to Gilmore and Woesner, however, because neither Gilmore nor Woesner was
3   named as a Defendant until the FAC was filed on October 20, 2022[5] and because the FAC is
4   "wholly devoid of any factual allegations establishing [Plaintiff's] genuine lack of knowledge or
5   inability to learn the identities of [] Gilmore and Woesner when he filed [the] Complaint." Id. at
6   6:15-22.

7         Plaintiff argues that the State Law Claims are timely because the Complaint was filed
8   within six months of when the Claim for Damages was rejected and Plaintiff's allegation that the
9   identity of individual officers was "unknown" to him was accurate. Doc. No. 23 at 5:21-6:3.
10  Further, Plaintiff argues that Defendants' contentions as to whether Plaintiff knew or could have
11  known the identify of Gilmore and Woesner at the time the Complaint was filed require factual
12  determinations that cannot properly be made on a 12(b)(6) motion. Id. at 5:26-6:3. Plaintiff also
13  contends that he could amend the FAC to allege facts showing that he did not know the names of
14  the deputies who arrested him. Id. at 7:8-14. For example, he states that the citation he received in
15  connection with the incident underlying this case made no mention of Woesner and that, while the
16  citation had Gilmore's name on it, there is no information as to Gilmore's role in Plaintiff's arrest.
17  Id. at 7:11-17. Similarly, Plaintiff states that he did not receive a copy of the sheriff's report until
18  "a few weeks prior to requesting leave of Court to amend the Complaint." Id. at 7:17-23.

19        Defendants argue on reply that section 474 of the California Code of Civil Procedure
20  applies to state law claims in federal court for statute of limitations purposes and that, under
21  section 474 and Rule 11(b), an amended complaint substituting a new defendant for a fictitious
22  Doe defendant only dates back to an earlier pleading where a plaintiff can plead that he was
23  "ignorant" of a defendant's identity after conducting a reasonable prefiling examination of the
24  facts. Doc. No. 24 at 2:15-3:10. Further, Defendants contend that the Claim for Damages shows
25  that Plaintiff was aware of Gilmore's identity before commencing this action; that Plaintiff could
26  have secured information as to the identify of the Individual Defendants through discovery in

---

28  [5] According to Defendants, the filing deadline triggered by the September 21, 2021 rejection of the Claim for Damages was March 24, 2022. Doc. No. 19 at 6:12-14.

7

connection with a criminal case involving Plaintiff; and that Plaintiff could "have simply requested a copy of his arrest report which is a public record and readily available." Id. at 4:1-12.

**4.   Discussion**

In the Court's view, Defendants' reply memorandum effectively confirms Plaintiff's argument that barring Plaintiff's claims on the ground that they are untimely requires factual determinations that cannot properly be made on a 12(b)(6) motion. The Court will not, for example, delve, at this juncture, into what Plaintiff may—or may not—have secured through discovery in another case or attempt to determine how quickly Plaintiff could have secured a copy of his arrest report. See Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F.Supp.2d 1086, 1089 (C.D. Cal. 1999) ("On a motion to dismiss, the Court evaluates only the legal sufficiency of a complaint and not the weight of the evidence supporting it.").

Section 474 of the California Code of Civil Procedure provides that "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint …" and that "[w]hen [the defendant's] true name is discovered, the pleading or proceeding must be amended accordingly."[6] Cal. Code Civ. Proc. § 474. Plaintiff has satisfied those pleading requirements. Rumberg v. Weber Aircraft Corp., 424 F.Supp. 294, 297 (C.D. Cal. 1976) ("California's policy in favor of litigating cases on their merits requires that the fictitious name statute be liberally construed."). This aspect of Defendants' motion to dismiss will therefore be denied without prejudice.

**C.   Use of Force Allegations That Were Not Set Forth in the Claim for Damages**

Defendants argue that Plaintiff's battery claim is barred by the California Tort Claims Act to the extent it arises from the allegation that Gilmore and Woesner forcefully took Plaintiff to the ground and to the extent it arises from the allegation that Gilmore and Woesner dragged Plaintiff to the patrol cruiser because these facts were not asserted in Plaintiff's Claim for Damages. Doc. No. 19 at 8:21-28.

This argument is without merit because, California law only requires that the causes of

---

[6] "The phrase 'ignorant of the name of a defendant' is broadly interpreted to mean not only ignorant of the defendant's identity, but also ignorant of the facts giving rise to a cause of action against that defendant." Fuller v. Tucker, 84 Cal.App.4th 1163, 1170 (2000).

1 action pleaded in a complaint "substantially correspond with the circumstances described in the
2 claims as the basis of the plaintiff's injury." Loehr v. Ventura Cnty. Cmty. Coll. Dist., 147
3 Cal.App.3d 1071, 1082–83 (1983) (citing Connelly v. State of California, 3 Cal.App.3d 744, 743
4 (1970)). Where some attempt to comply with the California Tort Claims Act has been made but
5 compliance is defective, courts apply "the test of substantial compliance," under which they ask
6 "whether sufficient information is disclosed on the face of the filed claim 'to reasonably enable the
7 public entity to make an adequate investigation of the merits of the claim and to settle it without
8 the expense of a lawsuit.' " Id. (quoting City of San Jose v. Superior Court, 12 Cal.3d 447, 456
9 (1974)). The two allegations at issue go directly—and exclusively—to the manner in which
10 Plaintiff was subdued and detained in the course of the arrest at issue in Plaintiff's Claim for
11 Damages and, thus, they would plainly fall within the scope of any "adequate investigation" into
12 Plaintiff's claim.

13       Defendants also appear to argue that claims arising from Plaintiff's allegations of being
14 forced to the ground and dragged to the police cruiser do not relate back to the Complaint for
15 statute of limitations purposes because they involve injuries that are distinct from those at issue in
16 the first Complaint. That argument is predicated entirely on case law stating that California's
17 relation-back doctrine only allows causes of action to relate back to the initial complaint if they
18 arise from the "same injury" as at least one claim in the initial complaint. Doc. No. 19 at 8:11-20.
19 Defendants' theory appears to be that each unlawful contact with his person that took place in the
20 course of his arrest gave rise to a unique "injury," and that claims arising from contacts that were
21 not alleged in the Complaint cannot relate back to the Complaint because they necessarily involve
22 a different "injury." See Doc. No. 19 at 8:21-25 (stating that Plaintiff's battery cause of action for
23 being forced to the ground and Plaintiff's battery cause of action for being dragged to the police
24 cruiser "do not relate back to his original complaint because they are wholly new causes of action"
25 that arise from facts not "asserted within Plaintiff's original complaint"). Defendants identify no
26 case applying such a rule and seem to abandon this argument on reply. In any event, it is without
27 merit since both state and federal law provide that new claims can relate back based solely on
28 "factual similarity" to allegations in an initial pleading, see Goldman v. Wilsey Foods, Inc., 216

1 Cal.App.3d 1085, 1094 (1989); Fed.R.Civ.P. 15, and the allegations at issue here pertain directly
2 to the same arrest as the allegations in the Complaint.

**D.      Negligence Claim**

Defendants are correct that Plaintiff cannot sue the County of Fresno directly for negligence absent a statutorily established basis for doing so. Eastburn v. Regional Fire Protection Auth., 31 Cal.4th 1175, 1183 (2003) ("[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care …."). It does not appear that Plaintiff alleges a direct negligence claim against the County of Fresno, but even so, Plaintiff does not expressly disavow such a claim in the opposition. See Doc. No. 23 at 9:12-10:9 (Plaintiff arguing that County of Fresno is "vicariously liable" for wrongful acts of Individual Defendants without addressing question of direct negligence liability). Plaintiff has identified no statutory basis for bringing a direct negligence claim against the County of Fresno based of the allegations in the FAC, and thus the Court will dismiss any direct negligence claim against the County of Fresno that may be subsumed by the Fifth Claim for Relief.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted as to the stipulated dismissals and any claim for direct negligence against the County of Fresno under the Fifth Claim for Relief. The motion will be denied in all other respects.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss the First Amended Complaint (Doc. No. 18) is GRANTED IN PART and DENIED IN PART as follows:

1. Defendant's motion is GRANTED as follows:
    a. The First Claim for Relief is DISMISSED as to Jacob Woesner;
    b. The Third Claim for Relief is DISMISSED as to Jacob Woesner;
    c. The Fifth Claim for Relief is DISMISSED to the extent it is predicated on the allegations in paragraph 52(a), paragraph 52(g) or paragraph 52(i) of the First Amended Complaint;
    d. The Fifth Claim for Relief is DISMISSED WITH PREJUDICE to the extent it

can be construed to allege a direct claim for negligence against the County of Fresno;

2. The motion is DENIED in all other respects;

3. Defendants are ORDERED to file an ANSWER to the First Amended Complaint within 28 calendar days of the date of electronic service of this order; and

4. This case is respectfully referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  April 14, 2023

SENIOR DISTRICT JUDGE